THE STATE (ADOLPHUS W. CAMPBELL, PROSECUTOR,) *vs.* HENRY J. S. HALE ET AL.

The thirty-fourth section of the act concerning roads, approved April 16, 1846, (*Rev. Stat.* 527) extends to the whole act, and forbids the narrowing, widening, or altering of any street in any city, town, or village, either by the overseers or by the surveyors of the highways, and also the pulling down or removing any dwelling house, market house, or other public building heretofore erected, which may encroach on any highway, whether in the town or country.

*Certiorari* to Bergen Common Pleas to set aside return of the surveyors of the highways in altering a certain road.

The ground relied upon for setting aside the return was that said highway was within the village of Hackensack, and, by the thirty-fourth section of the "act concerning roads" (*Rev. Stat.* 527), the surveyors were prohibited from acting. The facts sufficiently appear in the opinion of the court.

Argued at June term, 1855, before OGDEN, HAINES, and RYERSON, Justices.

HAINES, J. Henry J. S. Hale and others applied to the Court of Common Pleas of the county of Bergen, for the appointment of surveyors of the highways to vacate a part of a public road, and to lay out another road in its stead. Surveyors were accordingly appointed, and they vacated the part of the road desired by the applicants, and laid out another road in its stead.

Freeholders were subsequently appointed, on the application of Adolphus W. Campbell, to review the proceedings of the surveyors, but they having failed to certify that the same were unnecessary, the court ordered the return of the surveyors to be recorded.

Adolphus W. Campbell has caused the proceedings of the Court of Common Pleas to be removed by *certiorari* to this court, and seeks to have them set aside, principally upon the ground, that the application to that court was, in truth and in fact, for the alteration of a street in the village of Hackensack, and contrary to the provision of the thirty-fourth section of the act concerning roads. *Rev. Stat.* 527.

That the road so vacated, and the one so laid out, was in fact an alteration of a street in the village of Hackensack, plainly appears by the proofs taken, and by the map annexed to the return of the surveyors, and by the papers exhibited by both parties. And it is not seriously questioned by the defendant's counsel.

But they insist that the thirty-fourth section of the act concerning roads relates only to the overseers of the highways, and to their authority to remove obstructions. And, to maintain this position, they refer to the act of 11th March, 1774, *Allison's Laws* 386, the fourth section of which directs the mode in which obstructions are to be removed by overseers of the highways; and the counsel

insists that what is marked as the fifth section, is but a pro-
viso to the fourth, and that the prohibition of the widening
or altering streets in a village, &c., is applicable only to
overseers of the highways; that the words, " nothing herein
contained " mean "nothing in that fourth section con-
tained," and so does not relate to the other sections of the
act, nor limit the power of the surveyors to lay out or alter
roads or streets in a village.

And in this position they seem to be strengthened by
Paterson's revision, in which the act concerning roads was
divided into two acts, one making provision for the working
and repairing of roads, and the other relating to the laying
out, vacating, or altering them; and by the fact that the
fifth section of the former act, limiting the power of 'alter-
ing streets in a village, was incorporated in the act making
provision for the repairing.

However well this position may have been taken, we are
to be governed by the act of 16th April, 1846, under which
these proceedings were had. That act embodies all the
provisions concerning roads, and directs how they are to be
laid out, altered, or vacated, and the manner in which they
are to be worked, and how obstructions are to be removed.
And by the thirty-fourth section it is enacted, " That no-
thing in this act contained shall be construed to extena to
narrowing, widening, or altering any street in any of the
cities, towns, or villages of this state, or to pulling down or
removing any dwelling house, market house, or other pub-
lic building, heretofore erected, and which may encroach on
any highway."

This section would seem clearly and explicitly to extend
to every part of the whole act, and to relate as well to the
laying out and altering streets in a village, as to the remo-
val of obstructions in the country.

But then it is insisted that, by the thirty-fourth section of
the act of 1846, the legislature meant only to re-enact the
fifth section of the act of 11th March, 1774, the language of

which is, " That nothing herein contained shall be construed to extend to the altering and widening the streets in any of the cities, towns, or villages in this colony, by pulling down or removing any dwelling, market house, or any public building that may have been heretofore erected and may encroach on any public road."

And it is urged, that the change in the word *by*, in the former act, to the word *or*, in the latter, is a mere mistake, and that the court must so construe it.

It will be observed that the change in the phraseology, whether by accident or design, very materially changes the provisions of the two acts ; the former prohibits the altering, &c., *by* pulling down or removing any dwelling house, &c., the latter forbids the narrowing, widening, or altering any street in any city, town, or village, and also the pulling down or removing any dwelling house or public building heretofore erected, which may encroach on any highway. The first clause relates to streets in cities, towns, and villages, the latter to roads in the country as well.

This change is too important to have escaped the notice of the legislature, and of the revisors of the statutes. If it was an oversight in them, it was so likewise with the revisors and legislature in preparing and enacting the statute of February 9, 1818, (*Rev. L.* 624) in which precisely the same language is used.

It is evident that the act of 1818 was intended to change the law concerning roads, as contained in Paterson's revision, in several particulars. It comprised in one act what was before contained in two ; it extended to the whole act the restraining section under consideration, which before only applied to the removal of obstructions by the overseers; it prohibited the narrowing, as well as the widening or altering of any street. Can we say that all these changes were made without design, and that two sets of revisors and two legislatures made the same mistake ? Has this court any authority so to construe a plainly

expressed statute? If it was not in those particulars, why should it in that which is now presented?

It may be true, as intimated by the Chief Justice, in the *Matter of Thomas Murphy*, 3 *Zab.* 192, that where two or more statutes, whose meaning is plain, or whose construction has been long settled, are consolidated into one, without change of phraseology, the same construction should be given to the consolidated act as was given to the original statutes.

But then it must clearly appear to have been the intention of the legislature merely to consolidate, and not to change, the former statutes. If there is a change of phraseology, and a clear intention manifested to alter the statutes, no such rule can be applied.

That the legislature of 1818 intended to make an alteration in statutes, appears to be manifest from the plain words of the new act, and from the reason and spirit of the law. And therein they were followed by the legislature of 1846. And such seems to have been the opinion of the court in *State* v. *Stites et al.*, 1 *Green's Rep.* 176, in which it was held, that the second section of the act of 1818 (corresponding with the thirty-fourth section of the act of 1846, now under consideration,) prohibited the pulling down or removing of any dwelling house erected, or which may encroach, on any highway. This was said in relation to a highway in the country. But if the construction contended for by the counsel of the defendants is to prevail, that section must be confined to cities, towns, and villages, and it must be held that no street there can be altered or widened by pulling down or removing a dwelling house, but it may be if no dwelling house or public building be pulled down or removed.

On the best consideration I have been able to give the subject, I am clearly of the opinion that the thirty-fourth section of the act of 1846, extends to the whole act, and forbids the narrowing, altering, or widening of any street

in any city, town, or village, either by the overseers or by the surveyors of the highways; and, also, the pulling down or removing any dwelling house or public building heretofore erected, which may encroach on any highway, whether in the town or in the country.

Under such construction of the statute, the surveyors had no authority to alter the streets in question, nor the court below to order the return recorded.

The return of the surveyors, and all the proceedings under it, must be set aside and vacated.

OGDEN and RYERSON, Justices, concurred.